BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| In re: | ) | Chapter 11 |
| Delta Co, LLC, | ) | Case No. 23-00719 (TJC) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| Integrated Insight Therapy, LLC, | ) | Case No. 23-00720 (TJC) |
| Debtor. | ) | |

**Debtors' Motion for Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief**

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") respectfully state the following in support of this motion (this "*Motion*").

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit (A) (the "*Order*"), (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Northern District of Iowa (the "*Court*") maintain one file and one docket for all of the jointly administered cases under the case of Delta Co, LLC, and that the cases be administered under a consolidated caption, as follows:

BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| In re: | ) | Chapter 11 |
| Delta Co, LLC,[1] | ) | Case No. 23-00719 (TJC) |
| Debtor. | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Delta Co, LLC (7102) and Integrated Insight Therapy, LLC (4080). The Debtors' service address is: 555 Meeker St, Delta, CO 81416.

2.    The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Delta Co, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Delta Co, LLC, Case No. 23-00719 and Integrated Insight Therapy, LLC, Case No. 23-00720. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-00719 (TJC).**

## Jurisdiction and Venue

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the order of reference from the United States District Court for the Northern District of Iowa. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 6003.

## Basis for Relief

6. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The two Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

7. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Northern District of Iowa (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

8. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interst will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debotrs submit that the joint administration of these chapter 11

cases is in the best interests of their estate, their creditors, and all other parties in interest.

### Notice

9.  The Debtors will provide notice of this Motion to: (a) the U.S. Trustee, (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) all parties known by the Debtors to hold or assert a lien on any asset of the Debtor; (d) all relevant state taxing authorities, (e) the Internal Revenue Service, (f) all of the Debtors' landlords, and owners or operators of premises at which any of the Debtors' inventory or equipment is located; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

10.  No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank; Prayer for Relief Follows*]

WHEREFORE the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    AEGIS Law,

    *Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
         Frontenac, MO 63131
Physical: 222 Third Ave. SE
         Suite 501, Office 6
         Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
    *Attorney for Debtors*

**Exhibit A**

**Proposed Order**

BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| In re: | ) | Chapter 11 |
|---|---|---|
|    Delta Co, LLC, | ) | Case No. 23-00719 (TJC) |
|         Debtor. | ) | |
| In re: | ) | Chapter 11 |
|    Integrated Insight Therapy, LLC, | ) | Case No. 23-00720 (TJC) |
|         Debtor. | ) | |

### Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forther in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the order of reference; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 23-00719 (TJC).

3. The caption of the jointly administered cases should read as follows:

BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| In re: | ) | Chapter 11 |
|---|---|---|
| Delta Co, LLC,[1] | ) | Case No. 23-00719 (TJC) |
| Debtor. | ) | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Delta Co, LLC (7102) and Integrated Insight Therapy, LLC (4080). The Debtors' service address is: 555 Meeker St, Delta, CO 81416.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of Integrated Insight Therapy, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Delta Co, LLC, Case No. 23-00719 and Integrated Insight Therapy, LLC, Case No. 23-00720. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-00719 (TJC).**

6. The Debtors shall maintain, and the Clerk of the United Stated Bankruptcy Court for the Northern District of Iowa shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing contained in this Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

9.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related ot the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

_____
United States Bankruptcy Judge