BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | Chapter 11 |
|     Delta Co, LLC,[1] ) | Case No. 23-00719 (TJC) |
|     Debtor. ) | |

**Debtors' Motion for Entry of an Order (I) Authorizing Payment of Prepetition Employee Wages, Salaries, Benefits, and Business Expenses, and (II) Granting Related Relief**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion").

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing payment of prepetition employee wages, salaries, benefits, and business expenses, and (b) granting related relief. Specifically, the Debtors request that the Court (1) authorize the Debtors in accordance with their stated policies and in their sole discretion, to pay: (i) certain prepetition employee wages, salaries, overtime pay, contractual compensation, sick pay, vacation pay (including "personal days"), holiday pay and other accrued compensation (collectively, the "Prepetition Compensation"), (ii) prepetition employee business expenses, including travel and lodging expenses (collectively, the "Prepetition Business Expenses"), (iii) prepetition contributions to and benefits under employee benefit plans, (iv) prepetition employee payroll deductions and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Delta Co, LLC (7102) and Integrated Insight Therapy, LLC (4080). The Debtors' service address is: 555 Meeker St, Delta, CO 81416.

withholdings, and (v) all costs and expenses incident to the foregoing payments and contributions (including payroll-related taxes and processing costs); and (2) grant certain related relief.

## Jurisdiction and Venue

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the order of reference from the United States District Court for the Northern District of Iowa. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 6003.

## Background

5.  The Debtors provide behavioral and mental health, medical, and substance use services to rural residences in Western Colorado, including residential and court ordered treatment programs and crisis services. The Debtors have thirteen locations, among which three are for residential treatment. The Debtors have just under 100 employees.

6.  On *September 8, 2023* (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

7. The Debtors seek the relief requested in this Motion because any delay or disruption in the provision of employee benefits or payment of compensation (including the payment of Prepetition Compensation, Prepetition Business Expenses, Deductions or Benefits will destroy the Debtors' relationships with the employees and irreparably impair employee morale at the very time when the dedication, confidence and cooperation of these employees is most critical. The Debtors face the risk that their operations may be severely impaired if authority is not granted immediately for the Debtors to make the payments described above.

8. At this critical early stage of these cases, the Debtors cannot risk the substantial disruption to their business operations that inevitably would attend any decline in workforce morale attributable to the Debtors' failure to pay Prepetition Compensation, Prepetition Business Expenses, Deductions and Benefits in the ordinary course of their businesses. Moreover, bolstering employee morale will assist the Debtors in maintaining a "business as usual" atmosphere and, in turn, facilitate the Debtors efforts to emerge from Chapter 11 without significant delay. Finally, to enable many key employees to perform their jobs effectively, the Debtors must

continue their corporate policies of permitting certain employees to incur business-related expenses and afterwards seek reimbursement by submitting appropriate invoices or vouchers evidencing such out-of-pocket disbursements.

9. Because the amounts represented by Prepetition Compensation, Prepetition Business Expenses and Deductions are needed to enable the employees to meet their own personal obligations, absent the relief requested, the employees will suffer undue hardship and, in many instances, serious financial difficulties. Moreover, without the requested relief, the stability of the Debtors would be undermined by the potential threat that otherwise loyal employees at all levels would seek other employment.

10. In addition, to avoid the serious disruption of the Debtors' reorganization efforts that could result from the nonpayment of any withholding taxes, the Debtors seek authority to remit all withholdings, including prepetition withholdings, collected on behalf of the employees to the applicable taxing authorities. Many federal, state and local taxing authorities impose personal liability on the officers and directors of entities responsible for collecting taxes from employees to the extent any such taxes are collected but not remitted. Accordingly, if these amounts remained unpaid, there is a risk that the Debtors' officers and directors may be subject to lawsuits or even criminal prosecution on account of any such nonpayment during the pendency of these Chapter 11 cases. Such lawsuits or proceedings obviously would constitute a significant distraction for officers and directors at a time when they should be focused on the Debtors' efforts to stabilize

their post-petition business operations and to develop and implement a successful reorganization strategy.

11. In addition, the Debtors request that they be authorized, in their sole discretion, to pay all costs incident to Prepetition Compensation and Deductions, such as processing costs and the employer portion of payroll-related taxes, as well as accrued but unpaid prepetition charges for administration of the Benefit Programs (collectively, the "Prepetition Processing Costs"). The Debtors believe that all Prepetition Processing Costs have been paid as of September 08, 2023.

12. The Debtors further request that all applicable banks and other financial institutions be authorized and directed, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay any and all checks drawn on the Debtors' accounts with respect to Prepetition Compensation, Prepetition Business Expenses, Deductions, Withholdings, Benefits and Prepetition Processing Costs, whether such checks were presented prior to or after September 08, 2023, provided that sufficient funds are available in the applicable accounts to make the payments. The Debtors represent that these checks are drawn on identifiable payroll and disbursement accounts and can be readily identified as relating directly to the authorized payment of Prepetition Compensation, Prepetition Business Expenses, Deductions, Withholdings, Benefits or Prepetition Processing Costs. Accordingly, the Debtors believe that checks other than those relating to authorized payments will not be honored inadvertently.

13. The Debtors further represent that they have sufficient cash reserves, together with anticipated access to sufficient debtor in possession financing, to pay promptly all Prepetition Compensation, Prepetition Business Expenses, Deductions, Withholdings, Benefits and Prepetition Processing Costs, to the extent described, as such amounts become due in the ordinary course of their businesses.

14. Nothing in this Motion shall be construed as a request for authority to assume any executory employment or related contract under 11 U.S.C.A. § 365 or any relief with respect to any indemnification obligations relating to the Debtors' directors and officers.

## Notice

15. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee, (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) all parties known by the Debtors to hold or assert a lien on any asset of the Debtor; (d) all relevant state taxing authorities, (e) the Internal Revenue Service, (f) all of the Debtors' landlords, and owners or operators of premises at which any of the Debtors' inventory or equipment is located; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16. No prior motion for the relief requested herein has been made to this or any other court.

17. THEREFORE, the Debtors respectfully request that the court enter an order, substantially in the form attached as Exhibit A:

(a) Authorizing the Debtors, in accordance with their stated policies and in their sole discretion, to pay Prepetition Compensation, Prepetition Business Expenses, Deductions, Withholdings and Benefits that accrued but remained unpaid as of *September 08, 2023*, to or for the benefit of the employees;

(b) Authorizing the Debtors, in their sole discretion, to pay the Prepetition Processing Costs;

(c) Authorizing and directing all applicable banks and other financial institutions, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay any and all checks drawn on the Debtors' accounts in respect to Prepetition Compensation, Prepetition Business Expenses, Deductions, Withholdings, Benefits and Prepetition Processing Costs, whether such checks were presented prior to or after *September 08, 2023*, provided that sufficient funds are available in the applicable accounts to make the payments; and

(d) Granting such other and further relief as the court may deem proper.

[*Remainder of Page Intentionally Left Blank; Prayer for Relief Follows*]

WHEREFORE the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    AEGIS Law,

*Eric J Langston*

Eric J. Langston, AT0014001
Mailing:  601 S. Lindbergh Blvd.
           Frontenac, MO 63131
Physical: 222 Third Ave. SE
           Suite 501, Office 6
           Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
       *Attorney for Debtors*